G. W. HUMMER, GDN., ET AL. *v.* ELI ORNDORFF'S EXR.

[Abstract Kentucky Law Reporter, Vol. 6—48, 49.]

**Statute of Limitations.**

The statute of limitations will run and is a bar to a recovery by a guardian on a contract made with him for the benefit of his wards.

APPEAL FROM LOGAN CIRCUIT COURT.

June 3, 1884.

OPINION BY JUDGE HINES:

The issue in this case is of such a character as to raise no question in reference to the rights of the devisees to the respective portions of realty specifically willed to each, nor does it raise any question as to the liability of the infant appellants to the personal estate of the testator on account of advancements made to the father of the infant appellants. The decree in effect adjudges that appellants shall receive no more of the personalty because of the fact that the testator held claims against the father of the appellants in excess of their interests in the personalty, but does not give judgment over against them for the excess so found. The decree affects only the disposition and distribution of the personalty.

The will directed an equal division of the personalty among the three children of the testator. The codicil, which was made after the death of the father of the infant appellants, provides that the infant appellants shall take the same interest in the personalty as their father would have taken. The court properly adjudged that appellants so took under the will, and that the indebtedness of the father to the estate of the devisor must be liquidated before appellants should be entitled to any portion of the personalty. Taking in that way appellants can claim no more than their father

could, and the case does not present the question as to whether appellants are liable to the estate of the testator regardless of whether they received assets.

The application of the five years statute of limitations to the account sued on by the guardian is unquestionably correct. The contract was with the guardian for the benefit of his wards, and the statute will subsequently run against him as against every one else. All the claims deducted from the interest of the infant appellants in the personalty are such as could have been deducted as against their father. They occupy no more favorable attitude than he would have occupied.

The complaint of the allowance by the commissioner of the note for $1,025.25 on the ground that it was barred by the statute of limitations is not well founded, as there is no exception, upon this or any other ground, to the report of the commissioner. Also as to the account for $527.54 there was no exception to its allowance.

Judgment *affirmed*.

*Geo. B. Edwards, W. F. Bowder, for appellants.*
*A. G. Rhea, for appellee.*